REGLAMENTO RELATIVO AL USO DE FONDOS DEL COLEGIO DE ABOGADOS DE PUERTO RICO PROVENIENTES DE CUOTA Y VENTA DE ESTAMPILLAS

*Número:* ER-92-2          *Resuelto:* 30 de junio de 1992

## RESOLUCIÓN

### I

En virtud de nuestro poder inherente para reglamentar la admisión y el ejercicio de la abogacía en Puerto Rico, el 25 de marzo de 1992 creamos un Comité Especial con la encomienda siguiente:

> Someter para la consideración y estudio de este Tribunal, en o antes de sesenta (60) días, un proyecto de reglamento para delimitar el uso de las cuotas y las estampillas a favor del Colegio de Abogados de Puerto Rico requeridas por la Ley Núm. 75 de 2 de julio de 1987, según enmendada, y la Ley Núm. 43 de 14 de mayo de 1932, según enmendada, y para proveer un remedio a los miembros de dicha institución para hacer valer los derechos según consignados en la Constitución del Estado Libre Asociado de Puerto Rico y en la Constitución de Estados Unidos. Véanse: *Colegio de Abogados v. Schneider*, 117 D.P.R. 504 (1986); *Schneider v. Colegio de Abogados de Puerto Rico*, 682 F. Supp. 674 (D.C. P.R. 1988), confirmada por el Tribunal de Apelaciones para el Primer Circuito, *Schneider v. Colegio de Abogados de Puerto Rico*, 917 F.2d 620 (1990).

Dicho Comité quedó compuesto por las personas siguientes:

1. Lcdo. José Alberto Morales, Presidente
2. Lcda. Lady Alfonso de Cumpiano

3. Lcdo. Pablo R. Cancio
4. Lcdo. Gerardo Carlo Altieri
5. Lcdo. Waldemar Del Valle López
6. Lcdo. Antonio García Padilla
7. Hon. Pedro López Oliver
8. Lcdo. Genovevo Meléndez Carrucini
9. Lcdo. Héctor Reichard de Cardona
10. Lcda. Carmen Ana Rodríguez Maldonado
11. Lcdo. Jorge Segarra Olivero

El 9 de junio el Comité Especial nos presentó un proyecto de reglas para el uso de las referidas cuotas. En su comunicación, el Comité describió así su metodología de trabajo y el proceso de consulta para pulsar y recoger las críticas y los diversos puntos de vista de los colegiados:

En el descargo de esta encomienda el Comité celebró cinco reuniones para la discusión de tres borradores y para la consideración de las reacciones recibidas de la consulta realizada. Dicha consulta consistió del envío por correo a cada abogado, de los cerca de 8,000 admitidos a la práctica de la profesión, una copia del anteproyecto de reglamento con la petición de que nos remitieran sus comentarios y sugerencias .... Como un esfuerzo dirigido a las partes más directamente interesadas, el Comité utilizó dos medidas. En la etapa de consulta de anteproyecto el Comité designó al Lcdo. Genovevo Meléndez Carrucini para que se reuniera con el Lcdo. Harry Anduze, abogado del Colegio de Abogados de Puerto Rico y al Lcdo. Gerardo Carlo para una reunión personal con los licenciados Robert E. Schneider y Héctor Ramos. Una vez incorporadas al anteproyecto de reglamento el producto de la discusión del Comité respecto a las recomendaciones y comentarios recibidos en la consulta, remitimos el miércoles, 3 de junio de 1992, la versión final para cualquier comentario o recomendación adicional y concedimos para ello hasta el mediodía del lunes, 8 de junio de 1992 a las personas siguientes: Lcdo. Salvador Antonetti, Lcdo. Robert E. Schneider, Lcdo. Héctor R. Ramos, Lcdo. Harry Anduze, Hon. Procuradora General, Lcdo. Kenneth Colón, División de Litigios Federales del Departamento de Justicia y al Lcdo. José M. Sagardía, Presidente del Colegio de Abogados de Puerto Rico ....

El Tribunal expresa su reconocimiento a los distinguidos miembros del Comité Especial designado y al personal del Secretariado de la Conferencia Judicial por la labor de

excelencia realizada y la prontitud con que completaron sus trabajos.

## II

Con vista a los criterios contenidos, definiciones, trámites y demás procesos, el Tribunal considera las reglas adecuadas y, efectivo el lro de julio de 1992 con sujeción a las modificaciones de rigor, adopta *el* reglamento que se acompaña con esta resolución.

*Publíquese.*

Lo acordó el Tribunal y certifica el señor Secretario General.

*(Fdo.)* Francisco R. Agrait Lladó
*Secretario General*

# REGLAMENTO RELATIVO AL USO DE FONDOS DEL COLEGIO DE ABOGADOS DE PUERTO RICO PROVENIENTES DE CUOTAS Y VENTA DE ESTAMPILLAS

## DECLARACIÓN DE PROPÓSITOS

La colegiación compulsoria ha sido reconocida jurisprudencialmente como un mecanismo que sirve para proteger los legítimos intereses de la abogacía puertorriqueña y canalizar sus responsabilidades colectivas para con la sociedad. Sin embargo, ese carácter compulsorio tiene que estructurarse en forma compatible con los derechos de expresión de los abogados. Debe, por lo tanto, salvaguardar el derecho individual a disentir, a expresar libremente creencias y opiniones, y a no ser compelido a apoyar causas o posiciones distintas de las que responden a su conciencia individual.

De acuerdo con la normativa reconocida, este reglamento establece el balance entre los distintivos propios de la colegiación compulsoria y los derechos de expresión individual de los colegiados.

## Regla 1. Título y fundamento jurídico

Este reglamento se conocerá como *Reglamento Relativo al Uso de Fondos del Colegio de Abogados de Puerto Rico Provenientes de Cuotas y Venta de Estampillas*. Se adopta en descargo del poder inherente del Tribunal Supremo de Puerto Rico para reglamentar el ejercicio de la abogacía. Complementa la normativa rectora de las actividades del Colegio de Abogados de Puerto Rico conforme fija su ley orgánica, Ley Núm. 43 de 14 de mayo de 1932, según enmendada, y cualquier otra legislación y jurisprudencia aplicable.

## Regla 2. Actividades y gestiones del Colegio de Abogados de Puerto Rico; apoyo económico de los colegiados

(a) A los fines de este reglamento, las actividades y gestiones del Colegio de Abogados de Puerto Rico (Colegio de Abogados) se clasifican en dos (2) categorías:

(1) **Primera categoría**—aquellas que se refieren estrictamente a la reglamentación y bienestar de la profesión y al mejoramiento de los servicios profesionales que se ofrecen en el país. Se considerarán dentro de esta categoría actividades destinadas a:

(A) mantener la entereza moral y profesional de los abogados;

(B) promover la competencia profesional de sus miembros para ofrecer una mejor asistencia legal a la ciudadanía;

(C) establecer programas para aumentar la disponibilidad y accesibilidad de servicios legales a la población, y

(D) promover el funcionamiento eficaz de los tribunales.

Se ubicarán también en esta categoría todas aquellas otras actividades de la misma naturaleza que redunden en beneficio de toda la matrícula y aquellas necesarias para el funcionamiento administrativo de la institución.

(2) **Segunda categoría**—aquellas que responden a necesidades y reclamos de la comunidad en las que el Colegio de Abogados de Puerto Rico asuma posturas de naturaleza ideológica a través de sus órganos y funcionarios. En la medida en que estas actividades se alejan de la primera categoría de servicios descrita en el inciso (1) de esta regla, crece su potencial de contenido ideológico. Las actividades mixtas se ubicarán en esta categoría.

Estas actividades hacen surgir la necesidad de salvaguardar el derecho de los colegiados a no ser compelidos a

sufragar causas o posturas que no respondan a sus creencias u opiniones, y también su derecho a manifestar posturas diversas o contrarias a las de los funcionarios y órganos oficiales en cuanto a los asuntos tratados.

(b) El colegiado tiene la obligación por ley de pagar la cuota del Colegio de Abogados de Puerto Rico para sufragar las actividades de la primera categoría, pero goza de libertad absoluta para sufragar o no las de la segunda categoría.

(c) Se establecen estas reglas para asegurar el cumplimiento de esa obligación y garantizar a la vez el ejercicio de esa libertad.

## Regla 3. Uso del nombre del Colegio de Abogados de Puerto Rico

En toda actividad o expresión perteneciente a la segunda categoría de la Regla 2 que realice el Colegio de Abogados de Puerto Rico se hará constar expresamente que se trata de una actividad o expresión que no cuenta necesariamente con el apoyo de todos los colegiados.

## Regla 4. Decisión de los colegiados

(a) La Junta de Gobierno del Colegio de Abogados de Puerto Rico clasificará las actividades y los gastos en el proyecto de presupuesto anual detallado conforme las categorías expresadas en la Regla 2, el cual se distribuirá a todos los colegiados con antelación a la Asamblea General. El procedimiento de impugnación de la clasificación de las partidas en el presupuesto será de la exclusiva competencia de la Junta Revisora. La distribución de los fondos de dicho presupuesto considerará, entre otros factores, la contabilidad de años anteriores según auditada por un contador público autorizado externo.

(b) El Colegio de Abogados de Puerto Rico distribuirá a su matrícula junto con la facturación anual de las cuotas:

(1) una certificación de que el presupuesto fue aprobado según circulado o que informe las enmiendas aprobadas al mismo, y

(2) un estado de ingresos y gastos correspondiente al ejercicio fiscal anterior más reciente para el cual estén disponibles las cifras, que nunca será anterior al penúltimo, debidamente certificado por un auditor externo que relacione los gastos en que incurrió el Colegio de Abogados de Puerto Rico en las dos (2) categorías de actividades incluidas en la Regla 2 que está facultado a realizar.

(c) El Colegio de Abogados de Puerto Rico informará a los colegiados, junto con la facturación anual de las cuotas, la cantidad que corresponda pagar en función de su decisión de sufragar o no las actividades y gestiones descritas en la segunda categoría de la Regla 2. La cuota anual se pagará en la fecha dispuesta en la reglamentación pertinente.

(ch) La selección de la cuota correspondiente dentro del término dispuesto para su pago constituirá la indicación de cada colegiado de que sufragará o no con su cuota las actividades y gestiones del Colegio de Abogados de Puerto Rico de la segunda categoría de la Regla 2.

(d) La identidad de los miembros del Colegio de Abogados de Puerto Rico que escojan no sufragar las actividades y gestiones de la segunda categoría de la Regla 2 se mantendrá en estricta confidencialidad por el Colegio de Abogados de Puerto Rico, su Junta de Gobierno y la Junta Revisora.

## Regla 5. Monto de las cuotas

(a) La cuota anual que pagarán los colegiados que decidan sufragar todas las actividades del Colegio de Abogados de Puerto Rico será la determinada en Asamblea General, según prescrito en ley.

(b) La cuota anual que pagarán los colegiados que deci-

dan no sufragar las actividades de la segunda categoría de la Regla 2 se computará a base de la clasificación de las actividades en el estado de ingresos y gastos auditado a que se refiere la Regla 4(b)(2). Esta cuota anual será una cantidad igual a la proporción de la cuota regular que los gastos atribuibles a las actividades de la primera categoría de la Regla 2 guarde con el monto de los gastos de todas las actividades que realizó el Colegio de Abogados de Puerto Rico durante ese año.

(c) No se utilizarán dineros o bienes tomados en préstamo o recibidos en donaciones por el Colegio de Abogados de Puerto Rico para sufragar actividades de la segunda categoría de la Regla 2, a menos que así lo especifique el donante al momento de la donación y lo acepte el Colegio al recibirlo.

## Regla 6. Mecanismos remediales

(a) Al realizar el pago de cuota según dispuesto en la regla precedente, cualquier colegiado que se haya acogido al pago de la cuota dispuesta en la Regla 5(b) tendrá derecho a acudir ante la Junta Revisora de las Actividades del Colegio de Abogados de Puerto Rico (Junta Revisora), creada por este reglamento, con relación a:

(1) la clasificación de una actividad particular, según consignada en el estado de ingresos y gastos auditado que se utiliza como fundamento para el cómputo de la cuota, y/o

(2) los gastos en que realmente se ha incurrido en determinada actividad.

(b) La petición ante la Junta Revisora se interpondrá de acuerdo con el procedimiento y los términos fijados en la Regla 9.

(c) Luego de resueltas las peticiones interpuestas del año correspondiente, si la Junta Revisora determina que los gastos en que se ha incurrido en actividades de la se-

gunda categoría de la Regla 2 excedieron lo presupuestado, ordenará al Colegio de Abogados de Puerto Rico reembolsar a los colegiados que optaron por no sufragar tales actividades las sumas correspondientes, con intereses, al tipo legal prevaleciente a la fecha del pago de la cuota, computados desde esa misma fecha. La Junta Revisora ordenará la devolución al Colegio de Abogados de Puerto Rico de cualquier cantidad remanente.

**Regla 7. Cuenta de reserva**

(a) Cada año la Junta de Gobierno del Colegio de Abogados de Puerto Rico reservará en una cuenta en plica una parte de las cuotas pagadas por los colegiados que decidan no sufragar las actividades del Colegio de Abogados de Puerto Rico de la segunda categoría de la Regla 2. Esa reserva responderá en la eventualidad de que los gastos en actividades de la segunda categoría de la Regla 2 excedan lo presupuestado para ellas y la Junta Revisora ordene su devolución, conforme dispone la Regla 6(c).

(b) El monto de la cuenta de reserva será el promedio del por ciento de sobregiro de los dos (2) ejercicios fiscales anteriores debidamente certificados por el auditor externo.

Para el primer y segundo año de implantación de este reglamento, por no haber experiencia de sobregiro previa, la cuenta de reserva equivaldrá a una cantidad igual al 50% del ajuste que produce en el monto de la cuota el cómputo dispuesto en la Regla 5(b).

**Regla 8. Junta Revisora de las Actividades del Colegio de Abogados de Puerto Rico**

(a) Se crea un organismo autónomo que se conocerá como la Junta Revisora de las Actividades del Colegio de Abogados de Puerto Rico.

(b) La Junta Revisora estará compuesta por tres (3) miembros nombrados por el Tribunal Supremo de Puerto

Rico por el término de dos (2) años. Los miembros podrán ser renominados hasta por un término adicional consecutivo. No obstante, los primeros tres (3) miembros de la Junta Revisora serán nombrados por un término de uno (1), dos (2) y tres (3) años, respectivamente. El Tribunal podrá nombrar, además, dos (2) miembros suplentes para aquellos casos en que algún miembro en propiedad no pueda participar en algún asunto particular.

(c) Las vacantes que surjan en la Junta Revisora antes del vencimiento de su término serán cubiertas por el Tribunal Supremo de Puerto Rico mediante designación en propiedad de uno de los miembros suplentes o por nombramiento de un nuevo miembro hasta finalizar el término restante del miembro a ser sustituido.

(ch) Los miembros de la Junta Revisora serán escogidos entre ex jueces del Tribunal Supremo de Puerto Rico o del Tribunal de Primera Instancia.

(d) En atención a sus necesidades y a su carga de trabajo, la Junta Revisora podrá solicitar del Tribunal Supremo de Puerto Rico que aumente el número de sus componentes.

(e) La Oficina de Administración de los Tribunales pondrá a disposición de la Junta Revisora las facilidades físicas y los materiales necesarios para su adecuado funcionamiento.

(f) Los miembros de la Junta Revisora que no estén empleados permanentemente por el Estado Libre Asociado de Puerto Rico, sus agencias o corporaciones públicas tendrán derecho a recibir una dieta de cincuenta dólares ($50) por cada reunión de la Junta Revisora a que asistan, o por cada día en que realicen gestiones por encomienda de la Junta Revisora o su Presidente en relación con los deberes que les impone este reglamento. Dicha dieta se sufragará de los gastos de funcionamiento del Colegio de Abogados de Puerto Rico.

(g) La Junta Revisora aprobará un reglamento para su

procedimiento interno compatible con y supletorio a estas reglas.

## Regla 9. Procedimiento ante la Junta Revisora de las Actividades del Colegio de Abogados de Puerto Rico

(a) El recurso ante La Junta Revisora se perfeccionará mediante la presentación de un escrito que contenga lo siguiente:

(1) el nombre del peticionario y su dirección, y números de teléfono, de *fax* y de colegiado;

(2) la actividad cuya clasificación o gasto se impugna, y

(3) cuando se trate del gasto, el fundamento de la impugnación.

(b) El recurso se perfeccionará no más tarde de la fecha límite dispuesta para el pago de la cuota anual correspondiente. La obligación de remitir dicho pago no queda suspendida por la interposición de la petición.

(c) Todo escrito que se presente ante la Junta Revisora se notificará al Colegio de Abogados de Puerto Rico y así se hará constar en el propio documento. El Colegio de Abogados de Puerto Rico comparecerá por escrito dentro de los veinte (20) días a partir de la notificación.

(ch) En el procedimiento ante la Junta Revisora se le dará oportunidad a las partes de presentar prueba a su favor y de confrontar la prueba contraria. El Colegio de Abogados de Puerto Rico tendrá el peso de la prueba en este proceso. Las Reglas de Evidencia aplicarán en la medida en que sean compatibles con la naturaleza de este procedimiento especial.

(d) La Junta Revisora podrá consolidar las peticiones para evitar la repetición o dilación innecesaria.

(e) La Junta Revisora resolverá por escrito dentro de los treinta (30) días de quedar el asunto sometido. Fundamentará brevemente su decisión y fijará qué cantidad, si al-

guna, corresponde al Colegio de Abogados de Puerto Rico devolver a todos los colegiados que no sufragan las actividades de la segunda categoría de la Regla 2.

(f) El peticionario y el Colegio de Abogados de Puerto Rico podrán recurrir de las decisiones de la Junta Revisora ante el Tribunal Supremo de Puerto Rico.

(g) La Junta Revisora, para propósitos de divulgación, anunciará en una publicación oficial general del Colegio de Abogados a su matrícula un resumen de sus resoluciones que se conocerá como "Sinopsis Informativa", sin divulgar la identidad de los participantes.

## Regla 10. Ingresos provenientes de la venta de estampillas notariales y de estampillas forenses

(a) Los ingresos provenientes de la venta de estampillas notariales y de estampillas forenses deberán ser depositados en una cuenta separada, y su producto sólo podrá ser utilizado por el Colegio de Abogados de Puerto Rico para actividades de la primera categoría de la Regla 2.

(b) El Colegio de Abogados de Puerto Rico vendrá obligado a destinar, cuando menos, una tercera (⅓) parte del total de los ingresos que se devenguen por concepto de la estampilla notarial a programas de servicios a la comunidad, tales como asistencia legal gratuita a los indigentes y programas de educación legal continuada a los abogados y notarios.

(c) Anualmente, y como parte de su estado de ingresos y gastos, el Colegio de Abogados de Puerto Rico informará a su matrícula los ingresos percibidos por la venta de estampillas y un detalle de los gastos sufragados con éstos.

## Regla 11. Situaciones no previstas por estas reglas

Cuando no se haya previsto un procedimiento específico en estas reglas, el Tribunal Supremo de Puerto Rico podrá reglamentar su práctica en cualquier forma que no sea in-

356

compatible con las mismas o con cualquier disposición de ley aplicable.

## Regla 12. Vigencia

Estas reglas comenzarán a regir el 1ro de julio de 1992.